**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE MERCADO,** | : | |
| **Petitioner** | : | **CIV. ACTION NO. 3:26-2595** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, FPC LEWISBURG,** | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. §2241 in which petitioner appears to seek credit towards his federal sentence pursuant to the First Step Act. The petition will be dismissed for failure to state a claim for habeas corpus relief upon which relief can be granted.

### I. BACKGROUND

Petitioner, Jose Mercado, is a prisoner in Lewisburg Federal Prison Camp. Mercado filed this case on July 10, 2026. (Doc. 1). Although his petition requests time credits pursuant to the FSA, it does not contain any factual information other than his name and the fact that he is in federal prison.

### II. STANDARD OF REVIEW

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §2254, a district court must promptly review a petition and dismiss it

if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. §2241. 28 U.S.C. §2254 Rule 1.

## III. Discussion

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. §3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. *Id.* Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. *Id.* Inmates who have been convicted of certain enumerated offense are ineligible to receive credits under the FSA. *See* 18 U.S.C. §3632(d)(4)(D).

A petition for writ of habeas corpus must "state the facts supporting" the petitioner's request for habeas corpus relief. Rule 2(c)(2), Rules Governing Section 2254 Cases, Following 28 U.S.C. §2254. A petition is subject to dismissal if it offers nothing more than "bald assertions" and

"conclusory allegations." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d. Cir. 2010) (quoting *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008)). The petition must present a prima facie claim for habeas corpus relief by making "sufficient 'factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Id.* at 392 (quoting *Schiro v. Landigan*, 550 U.S. 465, 474 (2007). "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 395 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, the petition is completely devoid of any factual information on which the court could grant petitioner's request for habeas corpus relief. Although petitioner ostensibly seeks a writ of habeas corpus requiring the BOP to give him FSA credits, he has not included any factual information about his request for credits, such as the date he entered BOP custody, the time period for which he seeks FSA credit, the programs he has completed that would entitle him to FSA credit for that period, the nature of his conviction or convictions (which may be relevant to determining whether he is eligible for FSA credits under 18 U.S.C. §3632), or any attempts he made to seek the FSA credits through the BOP's administrative remedy program. The petition contains 27 pages of general statements of the relevant statutes and case law but no facts to connect that law to the actual request for habeas

corpus relief. Indeed, other than petitioner's name and the fact that he is currently housed in FPC-Lewisburg, the petition does not appear to contain any facts at all. Given this complete lack of facts, the court will dismiss the petition without prejudice to petitioner filing a new case.

## IV. CONCLUSION

For the foregoing reasons, this case will be dismissed without prejudice. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 9/21/26
26-2595-01